## MacCorkell to use v. Whelan, Appellant.

*Contract—Building contract—Principal and surety—Promissory note.*
Where a building contract provides that the builder shall give the contractors his notes in part payment for the work, and "as security for the payment," shall convey certain houses to a trustee, who, upon the builder's failure to pay the notes shall convey the property to the contractor, "without recourse," the contractors may sue on the notes and regard the provision relating to the conveyance of the houses as merely security for the payment of the notes.

Argued Oct. 11, 1911. Appeal, No. 98, Oct. T., 1911, by defendant, from order of C. P. No. 3, Phila. Co., Sept. Term, 1910, No. 2,173, making absolute rule for judgment as to the portion of plaintiff's claim as to which affidavit of defense was insufficient in case of J. M. and D. F. MacCorkell, to use of P. H. Fairlamb Company, to use of Franklin National Bank v. Thomas J. Whelan. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on a non negotiable note.
The note in suit was as follows:

"750.00–100            PHILADELPHIA, May 19, 1910.
Four months after date I promise to pay J. M & D. F.

MacCorkell Seven hundred and fifty dollars at 1301 Wolf St.

Without defalcation, for value received

No.      Due 9–19      (Sgd)      THOS. J. WHELAN.

Endorsed J. M. & D. F. MacCorkell

P. H. Fairlamb Company

By

R. C. FAIRLAMB."

The defendants filed an affidavit of defense the material portions of which are set forth in the opinion of the Superior Court. The schedule "B" referred to in the affidavit of defense contains, inter alia, the following provisions:

"The said Whelan agrees to pay the further sum of $3,900 in his three certain promissory notes each payable three months after the dates thereof, to be dated and delivered to the said contractors as follows: One of the said notes for $1,000 to be dated and delivered when twenty-nine small houses and stores are finished and complete; the second note of $1,000 to be dated and delivered when all of the small houses and stores are finished and complete; the third note of $1,900 to be dated and delivered when all of the buildings are completed and all the patching is done.

"The said contractors agree to renew the said notes once at the request of the said Whelan upon payment of twenty-five per cent of the amount and discount thereof.

"As security to the said contractors for the payment of the said three promissory notes aggregating the sum of $3,900 the said Whelan agrees to grant and convey or procure to be granted or conveyed, all those four certain lots or pieces of ground with the two-story brick dwellings on each to be erected situate on the east side of Nineteenth street at the respective distances of 176, 192, 108 and 124 feet south of Somerset street in the thirty-eighth ward of the city of Philadelphia. Each containing in front or breadth on the said Nineteenth street sixteen feet and extending of that width in length or depth eastwardly sixty-

two feet to a certain three-feet wide alley. Each subject to the payment of a certain first mortgage debt of $2,800. The said properties to be held for the said contractors by a trustee. Upon the failure of the said Whelan to pay the said notes or renew them once as agreed, the said trustee shall convey the four above described premises to the said contractors without recourse.

"It is agreed that upon payment of one of the said notes for $1,000 by the said Whelan that one of the above described premises, whichever selected by the said Whelan and upon payment of the said note for $1,900 by the said Whelan that two of the above-described premises, whichever selected by the said Whelan shall be granted and conveyed by the said trustee to the said Whelan or his nominee free, clear and discharged from the terms of this contract.

The said Whelan agrees to procure from the said trustee his acknowledgment in writing that there has been conveyed to him the said four lots or pieces of ground, subject as aforesaid.

The balance, to wit, the sum of $900 to be paid to the said contractors by the said Whelan granting or conveying or procuring to be granted or conveyed all that certain lot or piece of ground with the two-story brick dwelling to be thereon erected situate on the east side of Gratz street at the distance of 106 feet south of Somerset street in the thirty-eighth ward of the city of Philadelphia. Containing in front or breadth on said Gratz street fifteen feet and extending of that width in length or depth eastward forty-eight feet to a certain three-feet wide alley. Subject to the payment of a certain mortgage debt of $1,500 with interest thereon. And the said contractors agree to accept the same in full payment of the above amount of $900 as set forth above.

The court in an opinion by McMichael, P. J., entered judgment for plaintiff for $285. Defendant appealed.

*Error assigned* was the order of the court.

*John J. Rahilly*, with him *William M. Hussie* and *David A. Rahilly*, for appellant.

*Harold Evans*, with him *Thomas DeWitt Cuyler*, for appellee.

OPINION BY HENDERSON,  J., November 13, 1911:

It is alleged in the affidavit of defense that J. M. and D. F. MacCorkell to whom the appellant gave the note sued on, with others, on account of a contract for plastering houses built by the latter "agreed and bound themselves to take the equities in five certain lots and buildings thereon in full payment and satisfaction of said notes if the deponent did not desire to pay said notes at maturity," and the evidence of this agreement is said to exist in schedule " B " attached to the contract between the MacCorkell firm and the appellant and set forth in the affidavit of defense.   This averment is the interpretation which the defendant puts on the contract, but we do not find in that document any agreement that the lots to be conveyed to the trustee were to be so conveyed in payment and satisfaction of defendant's notes.   On the contrary, the provision of the contract relating to the conveyance to the trustee declares that this arrangement was made as security to the contractors for the payment of the promissory notes.   That the conveyance was intended to be a security only is further shown by the agreement that when the defendant paid one of the notes amounting to $1,900, two of the lots should be reconveyed to Whelan or his nominee free, clear and discharged from the terms of the contract.   Manifestly as to these lots the title in the trustee was understood to be for security merely. Confirmation of this view is found in the stipulation in the contract that the balance, $900, which the defendant owed to the contractors was to be paid to them by a conveyance of a certain lot with a brick dwelling thereon, which the contractors agreed to accept in full payment of the said sum of $900.   It seems evident that if the parties had in-

tended that the first four lots referred to were to be taken by the contractors as payment on the debt the arrangement would have been so stated, for that is exactly what was done as to the balance not covered by the notes and the parties had in mind at the time the distinction between payment by conveyance of land and the obligations secured by the conveyance to the trustee.  That this conveyance was not payment of the notes in the absence of an express agreement to that effect is shown by numerous authorities.  Leas v. James, 10 S. & R. 307, and Perit et al. v. Pittfield et al., 5 Rawle, 166, state the principle involved.  We understand the clause in the contract, which provides that on failure of the defendant to pay his notes or renew them as agreed the trustee shall convey the four above-described premises to the said contractors without recourse, to relate to the liability of the trustee.  If it have any other bearing it is certainly not sufficiently clear to warrant a construction of the contract which would contradict the presumption that the transfer of the property was collateral only and the express declaration of the contract to that effect.  The claim for set-off so far as the same was not sustained by the court below is not pressed in the appellant's argument and need not be discussed. It is sufficient to say that the conclusion of the learned judge of the court below is free from error.

The judgment is affirmed.